IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60370
Conference Calendar
_____


ALAN MCFADDEN,

                                        Plaintiff-Appellant,

versus

EDWARD HARGETT, SUPERINTENDENT,
MISSISSIPPI STATE PENITENTIARY;
CALBERT TAYLOR; SANDRA BECK;
JAMES BEASLEY; MARGAN COLEMAN;
JOHN SEGAR; WILLIE MAE FULLER,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:94CV227-S-O
- - - - - - - - - -
August 23, 1995


Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Alan McFadden appeals the judgment of the district court

dismissing his civil rights action with prejudice for failure to

comply with the district court's order to exhaust administrative

remedies.  McFadden argues that the district court erred because

---

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

he cannot obtain relief through the Mississippi Department of Corrections's (MDOC) Administrative Remedy Program, which does not provide for monetary damages.

The exhaustion requirement of the Civil Rights of Institutionalized Persons Act (CRIPA), 42 U.S.C. § 1997e, applies to a prisoner's suit under 42 U.S.C. § 1983 seeking both monetary and injunctive relief.  Arvie v. Stalder, 53 F.3d 702, 706 (5th Cir. 1995).  Because McFadden requested injunctive and declaratory relief and money damages, the district court properly dismissed his claim for failure to exhaust administrative remedies.

McFadden challenges the Administrative Remedy Program at MDOC.  He contends that the program is a product of a criminal conspiracy and does not meet the minimum requirements of CRIPA.

McFadden's issue is barred by the doctrine of collateral estoppel.  See McDuffie v. Estelle, 935 F.2d 682, 685 (5th Cir. 1991).  McFadden raised the identical issue previously in McFadden v. Welch, No. 95-60151 at 2 (5th Cir. June 15, 1995) (unpublished).  The court held that the plaintiffs, who were unnamed class members in Gates v. Collier, GC71-6-S-D, could not collaterally challenge the Gates order certifying the Administrative Remedy Program.  The issue was critical in that action, and claim preclusion is appropriate in this case.

McFadden is warned that future attempts to litigate the same issue will result in the imposition of sanctions.  See Smith v. McCleod, 946 F.2d 417, 418 (5th Cir. 1991); Jackson v. Carpenter, 921 F.2d 68, 69 (5th Cir. 1991).

AFFIRMED.